IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Alluette Jones

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Synovus Bank, et al.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 2:25-cv-11126-BHH-MGB

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☒ Yes   ☐ No
*(check one)*

2025 AUG 15  PM 2: 27

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alluette K. Jones, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| SYNOVUS Bank, | ) |
| Master-in-Equity Mikell R. Scarborough, | ) |
| Judge Daniel Martin, Jr., | ) |
| Casdell Singleton, | ) |
| Michael Troy Barber, | ) |
| WIT Partners, LLC, | ) |
| John Witherspoon Ervin Jr. | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY, EQUITABLE, AND MONETARY RELIEF**

**INTRODUCTION**

1. Plaintiff, an African American woman, brings this action for redress of violations of her constitutional rights, rights under federal civil rights statutes, and equitable rights as the lawful equitable owner of her home of over thirty years, wrongfully taken through a foreclosure process infected with racial discrimination, predatory lending, fraudulent judicial conduct, and procedural due process violations.

2. Defendants engaged in acts including: (a) steering Plaintiff into an unnecessary and inflated loan without appraisal; (b) arranging a closing by a sitting judge in violation of judicial ethics; (c) using her home as collateral for a commercial loan despite the written loan agreement stating it was "Unsecured"; (d) prosecuting a foreclosure without valid service; (e) denying Plaintiff a jury trial and the opportunity to present exculpatory evidence; and (f) favoring a private bidder, Defendant Michael Troy Barber, by holding the bid open and allowing late payment.

3. Plaintiff seeks restoration of her property, cancellation of fraudulent liens, damages for severe economic, emotional, and physical harm (including a stroke), and the imposition of a constructive trust over the property.

**JURISDICTION & VENUE**

4. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3)-(4) (civil rights actions), and 28 U.S.C. § 1367(a) (supplemental jurisdiction over related state-law claims). Plaintiff's federal claims arise under 42 U.S.C. §§ 1981, 1982, 1983, and 3601 et seq. (Fair Housing Act), the Equal Credit Opportunity Act, and the Truth in Lending Act. The Court has supplemental jurisdiction over Plaintiff's South Carolina state-law claims, including wrongful foreclosure, quiet title, constructive trust, unjust enrichment, conversion, and fraud upon the court, because they arise from the same nucleus of operative fact as Plaintiff's federal claims and form part of the same case or controversy under Article III of the United States Constitution.

5. Venue lies in the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

6. Plaintiff Alluette K. Jones resides in Charleston County, South Carolina, and is the equitable owner of 142 Coming Street, Charleston, South Carolina.

7. Defendant Mikell R. Scarborough is the Master-in-Equity for Charleston County and acted under color of state law.

8. Defendant Synovus Bank is a financial institution engaged in commercial lending and employer of Defendant Casdell Singleton.

9. Defendant Casdell Singleton is a banker at Synovus Bank who originated Plaintiff's restaurant loan.

10. Defendant Judge Daniel Martin Jr. participated in the deprivation of Plaintiff's rights, with Judge Martin conducting the original closing while sitting on the bench.

11. Defendant WIT Partners, LLC is a dissolved South Carolina limited liability company which, prior to dissolution in December 2022, had its principal place of business in Charleston County, South Carolina. Its registered agent at all relevant times was Defendant Michael Troy Barber. WIT Partners, LLC took title to Plaintiff's home from Defendant Michael Troy Barber following the judicial foreclosure sale, despite the foreclosure being void for lack of jurisdiction and while a properly recorded lis pendens was in effect in the Charleston County Common Pleas Court. WIT Partners, LLC took title with constructive and actual notice of Plaintiff's claims and is not a bona fide purchaser without notice. Pursuant to S.C. Code § 33-44-905, WIT Partners, LLC continues to exist for purposes of winding up, including the defense of legal claims and the restoration of property wrongfully acquired before dissolution.

12. Defendant Michael Troy Barber is a private individual who, upon information and belief, was the highest bidder at the foreclosure sale of Plaintiff's property initiated by SRP 2011-6 LLC. The Master in Equity issued a deed not to Barber personally, but to his associated entity, WIT Partners, LLC, despite the fact that a duly recorded lis pendens and active appellate proceedings were pending. Defendant Barber, directly or through WIT Partners, LLC, subsequently conveyed the property to Defendant John Witherspoon Ervin Jr. Each of these conveyances was made with constructive and actual notice of Plaintiff's claims and is subject to rescission and/or the imposition of a constructive trust.

13. Defendant John Witherspoon Ervin Jr. is, upon information and belief, a resident of South Carolina. Defendant Ervin acquired title to Plaintiff's home from Defendant WIT Partners, LLC while the lis pendens remained in effect and while Plaintiff's state appellate and supreme court cases were pending. Defendant Ervin took title with constructive and actual notice of Plaintiff's claims and is not a bona fide purchaser without notice. Claims against Defendant Ervin include constructive trust, equitable restitution, quiet title, and any equitable relief necessary to restore title to Plaintiff, as well as any monetary damages proven at trial.

**FACTUAL ALLEGATIONS**

14. In July 2006, Plaintiff was referred by Robert Ford to loan officer Caldwell Singleton. Plaintiff was unaware Singleton had quotas to meet. She was approved for a $100,000 loan for her Reid Street restaurant, but no appraisal of her home was conducted, despite the home's estimated value of $600,000.

15. The written loan agreement for the restaurant loan from Synovus Bank expressly indicated the loan was "Unsecured," yet Defendants used her home as collateral without her knowledge or consent. This constituted a fraudulent lien and misrepresentation.

16. Caldwell Singleton recommended Judge Daniel Martin Jr. to perform the loan closing. Plaintiff later learned that it is improper and potentially unlawful for a sitting judge to conduct such a private transaction.

17. Charleston has the highest racial disparity in mortgage loan costs in the nation, as reported in the Post and Courier, July 12, 2007. Plaintiff was subjected to these disparities.

18. On May 10, 2018, Defendants claimed to have personally served Plaintiff foreclosure papers at approximately 7:00 p.m. In truth, Plaintiff's home was on fire at that time; police, fire, and EMS were on the scene, and Plaintiff was accompanying her daughter, who was in mental health crisis, to MUSC.

19. Plaintiff was never validly served, depriving the court of personal jurisdiction.

20. At the foreclosure hearing, Master-in-Equity Scarborough denied Plaintiff's request for a short recess to retrieve proof disproving service, denied her a jury trial, and treated her with open bias.

21. Scarborough allowed Defendant Barber to submit payment after the bidding deadline, a special accommodation not permitted by law.

22. In 2020, following the foreclosure sale of Plaintiff's home, there remained surplus funds in the amount of $67,368.05.

23. Synovus Bank wrongfully claimed these surplus funds by falsely representing that the 2006 commercial restaurant loan was secured by Plaintiff's home, despite the written loan agreement clearly marking the loan as 'Unsecured.'

24. This misrepresentation directly contradicted the on-the-record statement by Judge Jefferson in a separate default case, in which he affirmed that Plaintiff's Synovus restaurant loan was unsecured.

25. Relying on Synovus Bank's false assertions, the state court wrongfully awarded the surplus funds to Synovus, depriving Plaintiff of property to which she was lawfully entitled.

26. The wrongful taking of these surplus funds constitutes conversion, unjust enrichment, and fraud upon the court.

27. Plaintiff has maintained a lis pendens on the property since 2018, preserving her equitable claim. The property remains gutted and unsold.

28. The foreclosure and loss of her home caused Plaintiff severe emotional distress, worsened her health, and caused her to suffer a stroke in 2021.

**CAUSES OF ACTION**

Count I – Violation of Due Process (5th & 14th Amendments; 42 U.S.C. § 1983)

Count II – Violation of Equal Protection (14th Amendment; 42 U.S.C. § 1983)

Count III – Race Discrimination in Housing & Property Rights
    (42 U.S.C. § 3601 et seq.; §§ 1981, 1982)

Count IV – Predatory Lending & Racial Discrimination (ECOA, FHA)

Count V – Wrongful Foreclosure (South Carolina law)

Count VI – Abuse of Process & Set-Aside for Fraud on the Court

Count VII – Declaratory Judgment (Judgment & Deed Void)

Count VIII – Equitable Quiet Title

Count IX – Constructive Trust (Against Michael Troy Barber, WIT Partners, LLC, and John Witherspoon Ervin Jr.)

Count X – Equitable Restitution / Unjust Enrichment (Against Michael Troy Barber, WIT Partners, LLC, and John Witherspoon Ervin Jr. – Wrongful Title and Proceeds)

Count XI – Intentional Infliction of Emotional Distress

Count XII – Fraud in the Inducement & Fraudulent Lien (State & Federal; includes TILA)

Count XIII – Conversion & Equitable Restitution (Against Synovus Bank – Surplus Funds)

> ***Plaintiff realleges and incorporates by reference all prior paragraphs as if fully set forth herein.***

1. Plaintiff had a superior right to possession of a specific, identifiable sum — **$67,368.05 in foreclosure surplus funds** — under Rule 71(c), SCRCP.
2. Synovus Bank intentionally exercised wrongful control over $67,368.05 in foreclosure surplus funds that rightfully belonged to Plaintiff.
3. Synovus falsely claimed a secured interest in Plaintiff's home to obtain these funds, despite documentary evidence and a judicial statement confirming the loan was unsecured.
4. This conduct constitutes conversion under South Carolina law and unjust enrichment, as Synovus received and retained funds in equity belonging to Plaintiff.
5. Synovus's actions also constitute fraud upon the court, as they misled the state court to obtain a favorable judgment without a valid legal basis.
6. Plaintiff is entitled to restitution of the $67,368.05 and the imposition of a constructive trust and disgorgement of all traceable proceeds, plus pre- and post-judgment interest, punitive damages, and any other relief deemed just.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests:

a. Declaration that the foreclosure judgment and deed are void ab initio;

b. Restoration of title and possession to Plaintiff;

c. Declaration that any lien arising from the Synovus Bank restaurant loan is void;

d. An order imposing a constructive trust on the subject property and all traceable proceeds in the possession of Defendants Michael Troy Barber, WIT Partners, LLC, and John Witherspoon Ervin Jr., requiring reconveyance to Plaintiff or payment of the fair market value thereof, plus damages;

e. Injunction against sale, transfer, or eviction;

f. Compensatory damages exceeding $500,000;

g. Punitive damages against all Defendants;

h. Restitution of $67,368.05 in wrongfully taken surplus funds from Synovus Bank, with pre- and post-judgment interest, punitive damages and disgorgement of any traceable proceeds;

i. Attorneys' fees and costs under 42 U.S.C. § 1988;

j. Such other relief as the Court deems just.

I. THE PARTIES TO THIS COMPLAINT:

A. THE PLAINTIFF

Alluette K. Jones, Pro Se Plaintiff
507 Bank Street
Mount, Pleasant SC 29464

B. THE DEFENDANTS

1) Synovus Bank
   158 Meeting Street
   Charleston, SC 29401

2) Casdell Singleton
   Synovus VP, Commercial Lending
   158 Meeting Street
   Charleston, SC 29401

3) Mikell Scarborough
   Charleston County Master In Equity, Suite 266
   100 Broad Street
   Charleston, SC 29401

4) Daniel E. Martin, Jr.
   Charleston County Judge, Suite 241
   100 Broad Street
   Charleston, SC 29401

5) Michael Troy Barber
   c/o Ian O'Shea, Esq.
   1120 Folly Road
   Charleston, SC 29412

6) WIT Partners, LLC [now dissolved, last registered agent address]
   c/o Michael Troy Barber
   1012 EWall Street Unit B
   Mount Pleasant, South Carolina 29464

7) John Witherspoon Ervin Jr.
   142 Coming Street
   Charleston, SC 29401

Respectfully submitted,

_Alluette K_____ all rights reserved
Alluette K. Jones
507 Bank Street
Mount, Pleasant SC 29464
alluettescafe1@gmail.com

Pro Se Plaintiff                    Dated: August 10th, 2025

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: August 12, 2025
Signature of Plaintiff _Alluette K_____ all rights reserved
Printed Name of Plaintiff Alluette K. Jones