IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alluette K. Jones, | ) |
| | ) |
|       Plaintiff, | ) |
| | )   Civil Action No. 2:25-cv-11126-BHH |
| v. | ) |
| | )   **<u>ORDER</u>** |
| Synovus Bank; Mikell R. Scarborough; | ) |
| Daniel Martin, Jr.; Casdell Singleton; | ) |
| Michael Troy Barber; WIT Partners, | ) |
| LLC; and John Witherspoon Ervin, Jr., | ) |
| | ) |
|       Defendants. | ) |
| _____ | ) |

This matter is before the Court upon Plaintiff Alluette K. Jones' ("Plaintiff" or "Jones") *pro se* complaint alleging claims stemming from the foreclosure and sale of her property located at 142 Coming Street in Charleston, South Carolina ("the property"). (ECF No. 1.) The same day she filed her complaint, Plaintiff also filed a motion for temporary restraining order ("TRO") and a motion for preliminary injunction. (ECF Nos. 6, 7.) Plaintiff also filed a motion to expedite ruling on her motions for TRO and preliminary injunction. (ECF No. 14.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a United States Magistrate Judge for preliminary review.

On October 16, 2025, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action without further leave to amend because Plaintiff cannot cure the deficiencies in her complaint, and further recommending that the Court deny Plaintiff's motions for TRO and preliminary injunction and find moot Plaintiff's motion to expedite. (*See* ECF No. 17.)

Attached to the Report was a notice advising Plaintiff of the right to file specific, written objections to the Report within 14 days of receiving a copy. On October 24, 2025, Plaintiff filed objections along with certain records from the Charleston Fire Department and the Medical University of South Carolina. (ECF Nos. 20, 21.) Plaintiff also filed a letter asserting that she was not served with the summons and complaint on May 10, 2018, in case number 2018-CP-10-02344, along with a notarized version of a similar letter. (ECF Nos. 23, 24.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In the Report, the Magistrate Judge explained that this is the third civil action Plaintiff has filed in federal court stemming from the foreclosure and sale of the property. As the Magistrate Judge also explained, this Court may take judicial notice of the contents of its own records.[1] To that end, the Court notes that in *Jones v. Scarborough*, No.

---

[1] Additionally, the Court may take judicial notice of the records of state court proceedings. *See*, *e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Thus, the Court takes judicial notice of the numerous records filed in the state court foreclosure proceedings underlying this action. *See SRP 2011-6, LLC v. Jones*, No. 2018-CP-10-2344 (Feb. 26, 2019), https://www.sccourts.org/case-records-search/ (limiting search to Charleston County and Case No. 2018CP1002344) (last visited Feb. 23, 2026).

2:19-cv-2901-DCN (D.S.C. Dec. 27, 2019) ("*Jones I*"), Judge Norton adopted the Magistrate Judge's Report and dismissed Plaintiff's complaint without prejudice for lack of jurisdiction under the *Rooker-Feldman* doctrine because the complaint invited federal review of Jones' state-court foreclosure judgment. As the Magistrate Judge explained in *Jones I*, Jones alleged that the state court lacked jurisdiction and that it had entered a judgment procured by fraud, but Jones' references to fraud did not remove her case outside the reach of *Rooker-Feldman* because it was clear that Jones was "'attacking the

---

As the Magistrate Judge thoroughly outlined in her Report, in the underlying state court action, SRP 2011-6, LLC brought a foreclosure action against Plaintiff on May 7, 2018, demanding the balance owed under a promissory note and mortgage after Plaintiff apparently defaulted on her payments. On February 26, 2019, the Honorable Mikell R. Scarborough, Master in Equity for Charleston County, entered an order and judgment of foreclosure and sale, directing that the property be sold at public auction following due advertisement and that any surplus funds from the sale be distributed to subordinate lien holders.

Plaintiff filed a motion for an emergency hearing on October 11, 2019, seeking relief from the judgment and alleging that she was not properly served with notice of the foreclosure action in violation of her due process rights. Plaintiff's motion was heard and denied on October 15, 2019, with Judge Scarborough finding that "the affidavit of service clearly describes [Plaintiff] and that she identified herself and accepted service of the pleadings in the case," and that Plaintiff's motion was "an attempt to delay the foreclosure process and that [she] continues to act in bad faith."

The property was sold at public action to Michael Troy Barber, and Plaintiff appealed Judge Scarborough's denial of her motion to the South Carolina Court of Appeals. *See SRP 2011-6 v. Jones*, App. Case No. 2019-1838 (Sept. 21, 2021), https://www.sccourts.org/c-track-public-access/ (limiting search to "Alluette Jones").

On March 13, 2020, SRP 2011-6 filed a motion for an order lifting the automatic stay typically applied to judgments under appeal, but several days later, Plaintiff filed another emergency motion for relief, alleging fraud, lack of jurisdiction, and, once again, improper service in violation of her due process rights.

Following a hearing on July 29, 2020, Judge Scarborough issued an order granting SRP 2011-6's motion and ordering that the sale of the property proceed. On September 4, 2020, Judge Scarborough issued an order of sale and disbursement, confirming the high bid from Barber and presenting a master's deed for the property to WIT Partners, LLC. The order also noted $67,368.05 in surplus funds, and on September 21, 2020, Synovus filed a claim of entitlement to those funds. Judge Scarborough held a hearing on December 3, 2020, regarding disbursement of the surplus funds. Plaintiff then filed a complaint demanding that no other party receive any surplus funds on the basis that her appeal was still pending before the South Carolina Court of Appeals. This complaint also referenced improper service of process, due process and equal protection violations, and denial of the right to a fair trial by a jury.

On December 4, 2020, Judge Scarborough issued an order disbursing surplus funds in the amount of $39,536.65 to Synous and $27,831.40 to SRP 2011-6. Judge Scarborough issued a second order on December 7, 2020, denying Plaintiff's complaint because it was submitted after the hearing and past the 45-day period set forth in the applicable rules. Judge Scarborough also noted that Plaintiff's complaint was "patently without merit and [sought] relief for claims which [had] been fully litigated." On September 21, 2021, the South Carolina Court of Appeals dismissed Plaintiff's appeal, and the remittitur was issued on November 9, 2021.

3

validity of the state court foreclosure proceedings.'" (*See* ECF No. 7 at 4 in No. 2:19-cv-2901-DCN (quoting *Wilson v. GMAC Mortg.*, No. 2:14-cv-1615-SB, 2015 WL 5244967, *3 (D.S.C. Sept. 8, 2015)).)

Likewise, in *Jones v. Scarborough, et al.*, No. 2:20-cv-2950-RMG (D.S.C. Nov. 10, 2021) ("*Jones II*"), Judge Gergel adopted the Magistrate Judge's Report and dismissed Plaintiff's complaint without prejudice. In *Jones II*, the court noted that Plaintiff's complaint again stemmed from the foreclosure and sale of her property, and that Plaintiff claimed, *inter alia*, that the state court lacked jurisdiction and that she was never served with the mortgage holder's summons and complaint and did not have notice of the foreclosure action. (*See* ECF No. 26 in No. 2:20-cv-2950.)

In the Report in this case, the Magistrate Judge outlined the applicable law and reviewed Plaintiff's complaint in accordance with 28 U.S.C. § 1915, holding Plaintiff to a less stringent pleading standard. Even liberally construing Plaintiff's claims, however, the Magistrate Judge found that Plaintiff's claims are once again barred under the *Rooker-Feldman* doctrine. The Magistrate Judge explained: "Regardless of how Plaintiff frames her claims, [the] relief [she seeks], on its face, would require the Court to invalidate the state court's order and judgment of foreclosure and sale, as well as the subsequent determinations 'inextricably intertwined' therewith–i.e., the rights of third party bidders and junior lien holders as expressly decided by the Master in Equity." (ECF No. 17 at 11.)

In addition, the Magistrate Judge found that, even if Plaintiff's claims are not barred under the *Rooker-Feldman* doctrine, Plaintiff's complaint is still subject to summary dismissal for a number of other reasons. Specifically, the Magistrate Judge outlined the various federal statutes cited by Plaintiff and found that any claim under the Truth in

4

Lending Act would plainly be untimely because it is clear from the pleadings that, at the very latest, Plaintiff learned of Synovus's purported fraud when the bank filed a claim of entitlement to the surplus funds in 2020, more than four years prior to filing this suit.  (*Id.* at 12-14.)  As to Plaintiff's claims under 42 U.S.C. § 1981 and the Equal Credit Opportunity Act, the Magistrate Judge found that the complaint does not state sufficient facts to demonstrate unlawful discrimination under either of these statutes.  (*Id.* at 15-16.)  In addition, the Magistrate Judge found that, even if Plaintiff's complaint does sufficiently allege discriminatory intent, these claims also would plainly be time-barred.  (*Id.* at 16.)  As to Plaintiff's reference to 42 U.S.C. § 1983, the Magistrate Judge explained that, other than Defendant Scarborough, the other Defendants are all private actors/entities and are not state actors amenable to suit.  (*Id.* at 17-18.)  With respect to Defendant Scarborough, the Master-in-Equity who presided over the foreclosure and sale of the property, the Magistrate Judge explained that he is absolutely immune from suit for actions taken in his judicial capacity.  (*Id.* at 18.)  The Magistrate Judge also found that, because Plaintiff's complaint fails to state an actionable federal claim, and because diversity jurisdiction does not exist, the Court lacks subject matter jurisdiction over Plaintiff's state law claims.[2]  (*Id.* at 20.)  Lastly, as to Plaintiff's motions for TRO and preliminary injunction, the Magistrate Judge set forth the applicable legal standard and concluded that Plaintiff is not likely to succeed on the merits of her claims (for the reasons previously outlined in the Report); thus, no TRO or preliminary injunction should issue.  (*Id.* at 21.)

---

[2] The Magistrate Judge also noted that many of Plaintiff's claims are likely barred by the doctrine of *res judicata*, as Plaintiff raised some of the same claims she raises her before the state court.  (ECF No. 17 at 17, n. 15.)

In her objections, Plaintiff first objects generally to the Magistrate Judge's recommendations, asserting that the Magistrate Judge misapplied the *Rooker-Feldman* doctrine, judicial immunity, and state action, and that the Magistrate Judge failed to apply liberal pleading standards and overlooked the continuing irreparable harm that supports emergency equitable relief. (ECF No. 20 at 1.) With respect to the Magistrate Judge's application of the *Rooker-Feldman* doctrine, Plaintiff asserts that she is not seeking appellate review of a state court judgment; rather, she asserts that she is challenging independent constitutional violations, extrinsic fraud, and deprivation of due process rights. (*Id.*)

Plaintiff next objects that the Magistrate Judge erred in finding that Defendant Scarborough is entitled to absolute immunity. (ECF No. 20 at 2.) According to Plaintiff, she was not validly served in the underlying state court foreclosure action such that Defendant Scarborough proceeded without jurisdiction or lawful authority. (*Id.*)

Plaintiff also asserts that the Magistrate Judge erred in relying on *res judicata* to dismiss her faulty service claim and in finding that the private Defendants did not act under color of state law. (*Id.* at 2-3.) According to Plaintiff, the Magistrate Judge failed to view her pleadings liberally, and she asserts that she should be granted leave to amend her complaint. (*Id.* at 3-4.) Also according to Plaintiff, her "lis pendens remains in effect, preserving her equitable interest, and she continues to suffer irreparable harm through deprivation of ehr home and health deterioration." (*Id.* at 4.)

Next in her objections, Plaintiff asserts that the Magistrate Judge erred in finding her claims time-barred, asserting that "[a] judgment entered without jurisdiction is void and may be attacked at any time." (*Id.* at 5.) Plaintiff objects that dismissal without leave to amend

6

is procedurally improper, and she raises concerns about the Court's impartiality. (*Id.* at 5-6.)

After *de novo* review, the Court finds Plaintiff's objections wholly unavailing. First, as to the Magistrate Judge's application of the *Rooker-Feldman* doctrine, as the Magistrate Judge correctly noted, regardless of how Plaintiff frames her claims, the relief she seeks clearly would require this Court to determine that the state court's order and judgment of foreclosure and sale, as well as the state court's subsequent decisions that are "inextricably intertwined" with the foreclosure and sale of the property, were erroneously entered or ineffectual. *See Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court."). Therefore, as in *Jones I,* the Court lacks jurisdiction to consider Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. Furthermore, the Court notes that this action appears to be duplicative to *Jones I* and *Jones II* and is subject to dismissal for that additional reason.

In addition, after *de novo* review, and liberally construing the allegations of Plaintiff's complaint, the Court fully agrees with the Magistrate Judge that, even if the *Rooker-Feldman* doctrine does not bar Plaintiff's claims, her complaint is still subject to summary dismissal for all of the other reasons set forth by the Magistrate Judge in the Report. In short, as the Magistrate Judge explained, any claim under the Truth in Lending Act would plainly be time-barred; Plaintiff does not allege sufficient facts to state a claim of unlawful discrimination under 42 U.S.C. § 1981 or the Equal Credit Opportunity Act, and, even if she does adequately allege unlawful discrimination, such claims would plainly be time-barred; all Defendants other than Defendant Scarborough are private individuals and

not state actors for purposes of a claim under 42 U.S.C. § 1983; Plaintiff's claims against Defendant Scarborough are barred under the doctrine of absolute judicial immunity; and the Court lacks subject matter jurisdiction over any remaining state law claims because Plaintiff has failed to state an actionable federal claim and diversity jurisdiction does not exist.

Furthermore, because Plaintiff's claims fail for the myriad reasons outlined by the Magistrate Judge and herein, the Court also agrees with the Magistrate Judge that Plaintiff has not demonstrated a likelihood of success on the merits (or any of the other *Winter* factors) to warrant the issuance of a TRO or a preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Finally, the Court notes that none of Plaintiff's objections alter the Court's analysis, and the Court finds no reason to permit Plaintiff to amend her complaint, as this is the third federal action raising similar claims, and it does not appear that Plaintiff can cure the deficiencies outlined herein by way of further amendment.

## **CONCLUSION**

Based on the foregoing, the Court finds that the Magistrate Judge accurately summarized the facts and procedural history underlying this action, and she correctly applied the applicable law. Furthermore, the Court finds Plaintiff's objections to the Magistrate Judge's Report unavailing. Accordingly, **the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 17); the Court overrules Plaintiff's objections (ECF No. 20); the Court denies Plaintiff's motion for temporary restraining order and her motion for a preliminary injunction (ECF Nos. 6, 7); the**

**Court finds moot Plaintiff's motion to expedite ruling (ECF No. 14); and the Court dismisses this action without prejudice for lack of jurisdiction and without further leave to amend**.

    **IT IS SO ORDERED.**

                                                  /s/Bruce H. Hendricks
                                                  United States District Judge

February 24, 2026
Charleston, South Carolina